# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:16-CR-344** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| v. | ) | |
| | ) | |
| **JAMES JONES,** | ) | **OPINION & ORDER** |
| | ) | |
| **Defendant.** | ) | |

Pursuant to a plea agreement, Defendant James Jones pleaded guilty to 1 count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); 1 count of possession with intent to distribute heroin and fentanyl, also in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); 1 count of possession of a firearm and/or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and 1 count of maintaining a drug-involved premises, in violation of 21 U.S.C. § 856. *See* Doc # 26. Jones was sentenced on November 3, 2017 to 210 months' imprisonment with 8 years of supervised release and was ordered to forfeit the United States currency that was seized along with the firearm and ammunition. Doc #: 37; Judgment. On May 9, 2019, Jones filed the instant Motion for Relief Pursuant to the First Step Act. Doc #: 52. On May 10, 2019, the Court appointed the Federal Public Defender to represent Jones. On June 25, 2019, the Federal Public Defender indicated that he would not be filing a supplement to Jones's Motion. Doc #: 53. In his Motion, Jones argues that he is entitled to a reduction in his sentence pursuant to the First Step Act. *Id.* However, the First Step Act does not apply to Jones because he was convicted of heroin and fentanyl offenses, not those involving crack cocaine, and he was sentenced after the Fair Sentencing Act was enacted.

Under the Anti-Drug Abuse Act of 1986, the mandatory minimum prison terms for federal drug crimes reflected a 100-to-1 disparity between the amounts of crack cocaine and powder cocaine needed to trigger the minimums. *Dorsey v. United States*, 567 U.S. 260, 260 (2012). In 2010, Congress enacted the Fair Sentencing Act to reduce this disparity. *Id.* at 263. The Fair Sentencing Act applied only to those defendants who had been sentenced on or after August 3, 2010. *Id.* at 264. Section 404 of the First Step Act permits courts to impose reduced sentences for any defendants still serving sentences for crack cocaine offenses, if those sentences were imposed when the pre-Fair Sentencing Act structure still applied. *See* First Step Act, PL 115-391; 124 Stat. 5194. Jones is not serving a sentence for a crack cocaine offense. The Fair Sentencing Act did not change the penalties for heroin or fentanyl offenses. Further, Jones was sentenced after August 3, 2010 so the Fair Sentencing Act was already applied to his sentence. Thus, Jones is not entitled to relief pursuant to the First Step Act. Accordingly, Jones's Motion is **DENIED**.

    **IT IS SO ORDERED.**

*/s/Dan Aaron Polster June 26, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**