# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO: 1:16-CR-344 |
| | ) |
| v. | ) Judge Dan Aaron Polster |
| | ) |
| JAMES JONES, | ) **OPINION AND ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM

Before the Court is Defendant James Jones' Motion for Habeas Relief under 28 U.S.C. §§ 2255 and 2241. **Doc #: 55**. For the following reason, Jones' Motion is **DENIED**.

### I.  Factual Background

On October 25, 2016, Jones was charged in a four-count indictment with two counts of illegally possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), one count of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of managing a home used for drug trafficking in violation of 21 U.S.C. § 856(a)(2). On July 20, 2017, Jones entered into a plea agreement whereby he pleaded guilty to all four counts. Doc #: 26. As part of the plea agreement, and as detailed in the presentence report, Jones' base offense level was raised because, at the time, he qualified as a career offender. Doc #: 26 at 14-15. The two prior convictions that qualified as career offender predicates are: (1) drug trafficking, Cuyahoga County Court of Common Please Case No. 04-CR-459539B, violation of

Ohio Revised Code § 2925.03 and (2) drug trafficking, Cuyahoga County Court of Common Please Case No. 08-CR-506167A, violation of Ohio Revised Code § 2925.03(A)(2). *Id.*

On October 1, 2019, Jones filed a Motion for Habeas Relief under 28 U.S.C. §§ 2255 and 2241. Doc #: 55. The Government filed response on October 23, 2019. Doc #: 57. Jones filed a reply on November 12, 2019. Doc #: 58.

## II.  Analysis

The issues in this case center on whether Jones' claim is cognizable. Jones argues that in light of the Sixth Circuit's ruling in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), he is not a career offender and thus sentencing him as a career offender was in error. Doc #: 55. The Government contends that Jones' claim is not cognizable for two reasons: (1) Jones waived his right to challenge the conviction or sentence collaterally through a post-conviction proceeding and (2) *Havis* is not retroactive. Doc #: 57. Jones rebuts the governments arguments, asserting: (1) that the claim is not waived because Jones could not have waived "future rights" and (2) *Havis* does not need to be retroactive for Jones' claim to be cognizable. Doc #: 58.

Jones also acknowledges that the cognizability of a *Havis* claim brought under § 2255 has been limited by *Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019). Doc #: 55 at 10-11. However, he asserts that his claim is cognizable under § 2255 despite *Bullard* because he asserts a constitutional claim. Doc #: 55 at 11. Alternatively, Jones asserts that his claim is cognizable under § 2241. Doc #: 55 at 13.

### A. Waiver

The Court agrees with the Government that Jones waived his claim. Courts enforce claim waivers included in plea agreements when the agreements are made knowingly and voluntarily.

*United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). "[C]ourts will enforce appeal waivers even when a legal development makes it likely that the defendant would receive a lower sentence were the defendant resentenced under the new law . . . ." *Morrison*, 852 F.3d at 491; *See also In re Garner*, 664 Fed. Appx. 441. 443-44 (6th Cir. 2016) (finding that collateral claim waivers are enforceable even "where developments in law later expand a right that a defendant has waived in a plea agreement . . .").

Jones does not dispute that the plea agreement was made knowingly and voluntarily. Rather, citing *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), he argues that "appellate waivers cannot be enforced to claims that did not exist at the time of [the] original plea." Doc #: 58 at 4. Because *Havis* was decided after Jones was sentenced, he asserts he may bring his *Havis* claim. *Id.*

Jones' reliance on *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016) is misplaced. In *McBride*, the defendant explicitly agreed that the career offender sentencing enhancement applied to him. *McBride*, 826 F.3d at 294. While the agreement acted generally as a claim waiver on the issue, the Sixth Circuit held that Defendant could not have waived his career offender status challenge based on developments of law that occurred after he was sentenced. *Id*. at 295.

However, *Morrison* explains that the rule in *McBride* does not apply when the claim waiver was in a plea agreement. *McBride* involved an explicit agreement, not a claim waiver in a plea agreement. *Morrison*, 852 F.3d at 491. By simply agreeing that he qualified as a career offender, the defendant in *McBride* could not have intentionally relinquished his career-offender status challenges based on law developed after he was sentenced. *Id*. Conversely, a defendant

waiving his appeal and collateral challenge rights in a plea agreement "assume[s] the risk that he would be denied the benefit of future legal developments."[1] *See id.*

Here, Jones accepted a plea offer in which he waived his rights "to appeal the conviction or sentence in this case . . . and to challenge the conviction or sentence collaterally through a post-conviction proceeding . . . ." Doc #: 26 at 25. Because Jones waived his collateral challenge rights in a plea agreement, he is precluded from brining his *Havis* claim.

### B. Other Arguments

Because the Court decides that Jones is barred from raising his claim due to waiver, the Court does not reach the other arguments raised by the parties in this case.

### III. Conclusion

For the reason stated above, Jones' Motion for Habeas Relief under 28 U.S.C. §§ 2255 and 2241 is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster November 19, 2019*
**Dan Aaron Polster**
**United States District Judge**

---

[1] The Sixth Circuit has recently clarified that an appeals waiver does not prevent a defendant from appealing his sentence when a post-sentence change in law renders the sentence in excess of the statutory maximum. *Vowell v. United States*, 938 F.3d 260, 268 (6th Cir. 2019). This distinction is irrelevant here because Jones' current sentence is not in excess of the statutory maximum.