**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NOS. 1:16-CR-344** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **JAMES JONES,** ) | |
| ) | |
| **Defendant.** ) | |

Pending before the Court is Defendant James Jones' numerically second 28 U.S.C. § 2255, **Doc #: 67**.[1] He first filed a § 2255 challenging his July 20, 2017 conviction on October 1, 2019. Doc #: 55. The Court denied Jones' § 2255, finding it barred by the collateral challenge waiver in his plea agreement. Doc #: 59 at 4. Jones moved the United States Court of Appeals for the Sixth Circuit for a certificate of appealability, Doc #: 61, which the Sixth Circuit denied. Doc #: 62.

"Under § 2244(b)(3) . . . federal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request." *In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997). However, "[a] district court has jurisdiction to consider numerically second petitions that are not 'second or successive' petitions within the meaning of 28 U.S.C.

---

[1] Jones' Motion challenging his federal conviction is captioned as a petition brought under 28 U.S.C. § 2254. Petitions under § 2254 can only challenge a state court conviction. 28 U.S.C. § 2254(a). Challenges to federal convictions can be brought under § 2255. 28 U.S.C. § 2255(a). Accordingly, the Court construes Jones' Motion as a petition brought under § 2255.

§ 2244(b) and needs no authorization from [the court of appeals] to consider them when they are filed in the district court. . . . [A] district court may (and should) rule on newly ripe claims and is 'not required to get authorization' from the court of appeals before doing so." *In re Smith*, 690 F.3d 809, 809–10 (6th Cir. 2012). "But what makes a claim unripe, at least for purposes of the exception to the bar on second or successive motions, is that the factual predicate has not matured, not that the law was unsettled or has changed." *Petaway v. United States*, 104 F. Supp. 3d 855, 857 (N.D. Ohio 2015) (internal quotation marks omitted) (quoting *U.S. v. Claycomb*, 577 Fed. Appx. 804, 805 (10th Cir. 2014)). "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d at 47.

Jones' present § 2255 contains arguments that were or could have been brought in his first § 2255. Accordingly, the Court holds that Jones' motion is "second or successive" and thus must be transferred to the Sixth Circuit, pursuant to *In re Sims*, 111 F.3d 45 and 28 U.S.C. § 1631.

Jones' Motion to Vacate, **Doc #: 67**, is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization.

**IT IS SO ORDERED.**

                                               */s/ Dan A. Polster     July 31, 2020*
                                               **DAN AARON POLSTER**
                                               **UNITED STATES DISTRICT JUDGE**