IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

UNITED STATES OF AMERICA,

        Plaintiff

        v.

JAMES JONES,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

CASE NO. 1:16-CR-344

JUDGE DAN A. POLSTER

OPINION AND ORDER

MEMORANDUM

Before the Court is Defendant James Jones' Motion to Reduce Sentence Pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(I) for Immediate Release Due to COVID-19 Circumstances, **Doc #: 71**. For the

foregoing reasons, Jones' motion is **DENIED**.

I.    **Background**

On November 3, 2017, Defendant Jones was sentenced to 210 months of imprisonment after

pleading guilty to two (2) counts of Possession with the Intent to Distribute Controlled Substances,

one (1) count of being a Felon in Possession of a Firearm with Ammunition, and one (1) count of

Maintaining a Drug Involved Premises. Defendant is currently held at FCI Cumberland and has a

release date of December 10, 2031.[1] Defendant suffers from hypertension, gastro-esophageal

reflux disease, sleep apnea, obesity, and pre-diabetes. He asks the Court to release him

immediately due to the fact that these medical conditions have life threatening consequences if he

were to test positive for COVID-19. The Government filed a response in opposition. **Doc #: 73**.

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Nov. 13, 2020).

## II.    Discussion[2]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### A.  Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Hardin*, 2020 WL 2610736, at *3. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions unquestionably present an increased risk from COVID-19.[3] Jones suffers from obesity and pre-diabetes, a medical condition that poses an increased risk of severe illness from COVID-19. Jones also suffers from hypertension, a medical condition that may pose an increased risk for severe illness from COVID-19. Therefore, the Court finds that Jones satisfies the first prong of the "extraordinary and compelling reasons" test.

---

[2] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. Jones has satisfied the exhaustion requirement.
[3] People of Any Age with Underlying Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov 12, 2020).

Jones, however, fails the second prong of the "extraordinary and compelling reasons" test. To date, 0 inmates and 3 staff are currently positive for COVID-19, and 7 inmates have since recovered at FCI Cumberland.[4] The Court notes that it is not unsympathetic to Jones' position. His fears regarding confinement are undoubtedly legitimate. However, the existence of a pandemic does not authorize the undersigned to usurp the BOP's authority and empty prisons, especially where the facility has not been severely impacted by the outbreak. *See United States v. Brown*, No. 5:18 CR 111, Doc #: 48 at 3 (N.D. Ohio May 21, 2020).

### B. Other Relevant Elements

Because Jones fails the "extraordinary and compelling reasons" test, the Court need not determine 1) whether he poses a danger to others should he be released or 2) whether reduction is appropriate considering the § 3553(a) sentencing factors, pursuant to 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a). *See Hardin*, No. 1:19 CR 240. However, the Court notes that generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *See Hardin*, 2020 WL 2610736, at *4. Jones still has approximately 11 years of his sentence left. Furthermore, the Court acknowledges the disparity in Jones' sentence. However, even if Jones would had received a lower sentence today under current law, he would still have at least 6 years left of his sentence.[5]

### III. Conclusion

For the above reasons, Jones' Motion, **Doc #: 71**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster November 13, 2020*

---

[4] COVID-19, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 13, 2020).
[5] As Jones notes, under the terms of his plea agreement, without the career offender enhancement, Jones would have a total offense level of 31. With his Criminal History Category VI designation, his sentencing guideline range would therefore be 188 to 235 months. Mr. Jones also received a two-level variance by this Court at his original sentencing, which would have resulted in a sentencing range of 151 to 188 months.