# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | CASE NO: 16-CR-344 |
| | ) | |
| v. | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **JAMES JONES,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM

Before the Court is Defendant James Jones Motion for Reconsideration of his motion to reduce his sentence pursuant to 18 U.S.C § 3582(c)(1)(A), **Doc. #: 78**. For the following reasons, Jones' Motion is **DENIED.**

On June 3, 2020, Jones requested that the Court reduce his sentence so that he can escape the outbreak of COVID-19 at FCI Cumberland ("Cumberland"), where he is held. *See* Doc. #: 63. The Court appointed a Federal Public Defender for Jones regarding his request for compassionate release. *Id*. On June 9, 2020, the Court denied Jones' motion without prejudice because he was silent as to whether he satisfied the exhaustion requirement. *See* Doc. #: 64. On September 29, 2020, Jones, by and through counsel, filed a supplemental motion for compassionate release. Doc. #: 71. After full briefing on the merits, on July 15, 2020, the Court denied Jones' motion for compassionate release finding that Jones does not present extraordinary and compelling circumstances because Cumberland had only three (3) active cases at the time. Doc #: 76. The Court also noted that it is doubtful that a reduction is appropriate considering the sentencing 18 U.S.C. § 3553(a) factors because Jones still has approximately 11 years of his

1

sentence left. *Id*. On December 8, 2020, Jones filed a notice of appeal. Doc #: 77. Jones filed this instant Motion asking the Court to reconsider its November 13, 2020 Order. *See* Doc #: 78.

## DISCUSSION

Three situations justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2008); *see United States v. Miller*, 697 F. App'x 842, 843 n.1 (6th Cir. 2017). Courts should not reconsider prior decisions where the motion for reconsideration proffers new arguments that could have been discovered and offered during the initial consideration of the issue. *Id.*

Here, Jones' Motion seeks reconsideration of the Court's November 13, 2020 Order denying his motion to reduce his sentence, well outside of the time frame allowed. "A motion for reconsideration in a criminal case must be filed within the fourteen-day period for filing an appeal." *United States,* 697 F. App'x at 843 n.1 (6th Cir. 2017); *see United States v. Hunter*, 2020 U.S. Dist. LEXIS 68720, *1-2 (S.D. Ohio Apr. 20, 2020) (within the context of the COVID-19 pandemic, denying defendant's motion for reconsideration of its order denying defendant's motion for compassionate release because the motion was untimely). Even excusing Jones' untimeliness, Jones' Motion still fails.

Jones' Motion offers new evidence regarding the current conditions at Cumberland relating to the COVID-19 pandemic. As of today, there are 221 active COVID-19 cases amongst the inmate population, and 14 active staff members COVID-19 cases at Cumberland.[1] The Court finds this new evidence satisfies the second prong of the "extraordinary and compelling reasons" test. *See United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020)

---

[1] COVID 19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (visited on December 14, 2020).

("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion.").

### A. Section 3553(a) Factors

In the Court's November 13, 2020 Order, the Court did not find it necessary to consider the relevant factors listed in 18 U.S.C. § 3553(a) because Jones failed the "extraordinary and compelling reasons" test. However, given Cumberland's significant rise in COVID-19 cases, the Court finds it necessary now. The § 3553(a) factors include, among other things, the "nature and circumstances of the offense"; the "history and characteristics of the defendant"; and the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct;... [and] to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a).

The Government argues that the nature of Jones' conviction and his prior criminal record makes him a danger to society. *See* Doc #: 73 at 5-6. The Court agrees with the Government for multiple reasons. See 18 U.S.C. § 3553(a)(2)(C) (requiring a sentencing court to consider "the need . . . to protect the public from further crimes of the defendant"). First, the record shows that Jones' convictions are for serious crimes: possessing with the intent to distribute approximately 560 grams of heroin and 315 grams of a fentanyl/heroin mixture, possessing a loaded firearm, and maintaining a premise to conduct a drug trafficking offense. *Id*. Second, Jones also has a significant criminal history, including nine (9) separate drug-related convictions including trafficking and possessions. Third, to date, Jones has two recent prison infractions for phone abuse and admitting to using marijuana. *See* Doc. #: 73, Ex. 2. Lastly, BOP has classified Jones as having a high risk of recidivism. *See* Doc. #: 73, Ex 1.

At the time Jones was sentenced, he was sentenced to 210 months, the low end of the applicable guidelines range. He asserts that his sentence would be substantially shorter today if he was sentenced because he would not be categorized as a career offender. *See* Doc. #: 71 at 19-20. However, as the Court noted in its November 13, 2020 Order, Jones still has approximately 11 years left of his sentence. Furthermore, even if Jones would have received a lower sentence under current law, he would still have a significant amount of time remaining. *See* Doc. #: 76 at 3. Generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *See United States v. Hardin,* No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *10 (N.D. Ohio Apr. 7, 2020). Given Jones' track record and the Court's concern about the danger he poses to the community, the Court concludes that the sentencing factors do not favor his release.

The Court understands Jones' concern about contracting COVID-19 in prison. At the same time, the Court recognizes the steps he has taken and the work he is performing while incarcerated. *Id*. at 21-22. With that said, Jones has failed to convince the Court that the sentencing factors favor his release.

## CONCLUSION

For the above reasons, Jones' Motion, **Doc #: 78**, is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*  12/15/2020__
**Dan Aaron Polster**
**United States District Judge**

4