IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO.: 1:16-CR-344 |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| JAMES JONES, | ) | |
| | ) | |
| Defendant. | ) | **OPINION AND ORDER** |
| | ) | |

Before the Court is Defendant James Jones' Motion to Show Good Cause or Excusable Neglect. ECF Docs. 89-91. For the following reasons, Jones' Motion is **GRANTED**.

**I.    Background**

On November 3, 2017, James Jones was sentenced to 210 months incarceration after pleading guilty to two (2) counts of possession with the intent to distribute controlled substances, one (1) count of being a felon in possession of a firearm, and one (1) count of maintaining a drug-involved premises. ECF Doc. 37. Jones is currently incarcerated at FCI Cumberland. *Id*. 83. On June 3, 2020, Jones filed a Motion for Compassionate Release. ECF Doc. 63. The Court then appointed a federal public defender to assist Jones with his Motion. On June 9, 2020, the Court denied Jones' Motion for failure to show he had fully exhausted his administrative remedies. ECF Doc. 64. On September 29, 2020, Jones renewed his Motion for Compassionate Release. ECF Doc. 71. The Court denied the Motion on November 13, 2020. ECF Doc. 76.

Twenty-five (25) days later, on December 8, 2020, Jones filed a pro se notice of appeal of the denial of his Motion for Compassionate Release. ECF Doc. 77. On December 11, 2020, while the appeal was pending, Jones' attorney filed a Motion to Reconsider denial of the compassionate release motion. ECF Doc. 78. This Court denied the Motion for Reconsideration on December 15,

2020. Jones filed his brief in his appeal of the denial of his Motion for Compassionate Release on January 21, 2021. Case No. 20-4283, ECF Doc. 8. The United States then filed a Motion to Dismiss the appeal for untimely filing on January 29, 2021. Case No. 20-4283, ECF Doc. 10. On February 18, 2021, the case was remanded back to this Court to determine whether Jones is able to show good cause or excusable neglect for the untimely appeal. ECF Doc. 82. On March 15 and 22, 2021, Jones filed his Motion to Show Good Cause or Excusable Neglect. ECF Docs. 89-91. On April 5, 2021, the United States filed a response in opposition. ECF Doc. 94. Jones did not file a reply.

**II.     Discussion**

Notice of appeal in criminal cases is governed by Rule 4(b)(1) of the Federal Rules of Appellate Procedure. The Rule states that "a defendant's notice of appeal must be filed in the district court within 14 days" after either entry of the judgment or order being appealed or filing of a notice of appeal by the government, whichever comes later. Fed. R. App. P. 4(b)(1)(A). However, late appeals are permitted according to Rule 4(b)(4), which dictates:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). The Sixth Circuit has established that when a criminal defendant files a notice of appeal after the expiration of the original fourteen-day appeal period, but within an additional thirty days pursuant to Rule 4(b)(4), that notice should be treated as a request for an extension to file an appeal. *See United States v. Payton*, 979 F.3d 388, 390 (6th Cir. 2020).

In the case at hand, Jones failed to file his notice of appeal within the fourteen (14) day window proscribed by Rule 4(b)(1). Instead, he filed his notice of appeal twenty-five (25) days after the order denying his Motion for Compassionate Release was entered by the Court. ECF Doc. 89. Given that the notice was filed after the expiration of the original fourteen-day appeal

period, but within the additional thirty (30) day window set by Rule 4(b)(4), this Court will treat Jones' notice as a request for an extension to file an appeal.

In determining whether a defendant has "excusable neglect or good cause" for filing an untimely appeal, the Court evaluates the two concepts independently. First, "good cause will be found where forces beyond the control of the appellant prevented [him or] her from filing a timely notice of appeal." *Proctor v. Northern Lakes Community Health* 560 Fed. Appx. 453, 457 (6th Cir. 2014), quoting *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). Excusable neglect is determined by balancing the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* which include:

> (1) the danger of prejudice to the nonmoving party,
> (2) the length of the delay and its potential impact on judicial proceedings,
> (3) the reason for the delay,
> (4) whether the delay was within the reasonable control of the moving party, and
> (5) whether the late-filing party acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Stutson v. United States*, 516 U.S. 193, 195-97 (1996) (establishing that the excusable neglect rule outlined in *Pioneer* also applies in criminal cases).

Here, Jones has established excusable neglect justifying his untimely appeal. Jones presented e-mail correspondence with his attorney from November 13-15, 2020, no more than two (2) days after this Court denied his Motion for Compassionate Release. ECF Doc. 90. In this e-mail correspondence, Jones' attorney informed Jones that the Court denied his Motion for Compassionate Release and he has a right to appeal, but an appeal would be a "waste of time…..[and] [he] don't see any way [Jones] could win on appeal," and explained his reasoning. Jones responded directing his attorney to file an appeal, remarking "I would like for u to Appeal

please can u Appeal this for me thank u." [1] *Id.* While Jones' attorney counseled Jones against filing an appeal, advising that doing so would be meritless, the record reflects that Jones nevertheless directed his counsel to file the appeal for him. *Id.* If Jones' attorney had followed Jones' direction, the appeal would have been timely. Instead, Jones then later filed the appeal himself, as a pro se applicant, given Jones' attorney's failure to file on his behalf. ECF Doc. 89. While the Government argues in its response that granting this Motion would equate to allowing a hybrid approach, this Court rejects this argument. It does not seem fair to penalize a defendant for acting on his own behalf when his court-appointed attorney has failed to follow his direction. Jones' pro se appeal was filed only nine (9) days after the expiration of the fourteen (14) day period dictated by Rule 4(1)(b). *Id.* Given the lack of prejudice to the Government due to the short length of the delay, the fact that the delay was outside of Jones' control, and the evidence that Jones was acting in good faith, the *Pioneer* factors support finding Jones had excusable neglect justifying his untimely appeal.

### III. Conclusion

For the above reasons, Jones' Motion to Show Good Cause or Excusable Neglect (ECF Docs. 89-91) is hereby **GRANTED.** In accordance with the Sixth Circuit's remand on this matter, the record as supplemented shall be returned to the Sixth Circuit for further consideration.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster May 11, 2021*
**Dan Aaron Polster**
**United States District Judge**

---

[1] The Government argues in its response that attorney-client privilege has been waived as to communication regarding appeal of the Motion for Compassionate Release denial, given that Jones shared with the Court e-mail correspondence between him and his attorney on this subject. ECF Doc. 94. However, "implied waivers are consistently construed narrowly." *In re: Lott*, 424 F.3d 446, 453 (6th Cir. 2005). The Court finds that it is clear that Jones unequivocally asked for an appeal and waiver is not currently at issue in this case, given that Jones' Motion is being granted due to the finding of excusable neglect.