IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:16-cr-00344 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DAN AARON POLSTER |
| ) | |
| JAMES JONES, ) | |
| ) | **OPINION AND ORDER** |
| Defendant. ) | |

Before the Court is Defendant James Jones's Motion for Rule 60(b) Relief from Judgment (the "Motion"). ECF Doc. 99. For the following reasons, the Motion is **DENIED**.

**I.      BACKGROUND**

On October 25, 2016, Jones was indicted on four felony charges: possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) [Count One]; possession with intent to distribute heroin and fentanyl, also in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) [Count Two]; possession of a firearm and/or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Count Three]; and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856 [Count Four]. ECF Doc. 1.

Thereafter, on June 20, 2017, Jones pleaded guilty to the indictment pursuant to a written plea agreement. ECF Docs. 25, 26. As a condition of his plea agreement, Jones expressly waived his right to bring a collateral attack on the legality of his sentence. ECF Doc. 26 at 9-10.

On November 3, 2017, the Court sentenced Jones as a career offender to a 210-month incarceration term and eight years of supervised released. ECF Doc. 36, 49. Jones qualified as a career offender under Section 4B1.1 of the Sentencing Guidelines because he had two prior felony

drug trafficking convictions in both 2004 and 2008 for trafficking crack-cocaine. ECF Doc. 34 at 14-16. In addition to these convictions, Jones has a lengthy criminal history with at least fifteen encounters with the criminal justice system, including a 2009 conviction for attempted drug trafficking offenses. *Id.* at 9-19. During sentencing, Jones acknowledged both that he had received a copy of the Government's presentence report—which identified the predicate offenses for Jones's career offender status—and that he did not object to the findings in the presentence report. ECF Doc. 49 at 2-3.

Jones then filed the instant motion for relief from judgement under Rule 60(b) of the Federal Rules of Civil Procedure on October 4, 2021. ECF Doc. 99. Jones notes that the Sentencing Guidelines do not authorize district courts to rely on convictions for attempted violent or controlled substance crimes as predicate offenses for career offender status—*i.e.*, a defendant may be adjudicated as a career offender only when the defendant has at least two prior convictions for completed violent or controlled substance crimes. *Id.* at 2-9 (citing *United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019); U.S. Sentencing Guidelines §§ 4B1.1, 4B1.2). Thus, Jones argues that his designation as a career offender is unlawful because the Court used as a predicate offense Jones's 2004 conviction, which Jones characterizes as being for attempted drug trafficking. *Id.* at 2, 6. Although Jones styles the Motion as being brought under Rule 60(b), Jones also seeks relief under 28 U.S.C. § 2241(a) to correct his career offender designation and, in turn, his unlawful sentences. *Id.* at 9-13 (citing *Hill v. Masters*, 836 F.3d 591, 597 (6th Cir. 2016)).

## II. DISCUSSION

Given that Jones identifies two statutory bases for challenging his purportedly incorrect career offender designation and his subsequent sentence, the Court discusses both statutory claims in turn.

### A. The Rule 60(b) Motion

The Sixth Circuit has made clear that Rule 60(b) of the Federal Rules of Civil Procedure is not applicable to criminal proceedings. *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011). Thus, while a Rule 60(b) motion may be appropriate when a criminal defendant seeks to challenge the outcome of a habeas corpus petition because that type of proceeding is civil in nature (*Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)), a criminal defendant may not invoke Rule 60(b) as a mechanism to bring a direct attack on a criminal conviction or sentence (*Gibson*, 424 F. App'x at 464 (citing *United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003))).

Applying the foregoing here, Jones has no basis to bring a Rule 60(b) motion because his motion is a direct challenge to the legality of his sentence. While Jones has previously filed habeas corpus petitions (ECF Docs. 55, 67), the instant Motion neither relates to those previous collateral attacks on his judgment nor identifies any deficiency in the habeas proceedings. Rather, the Motion is exclusively focused on the legality of the sentence imposed by this Court, and that renders the Motion an extension of the criminal proceedings. Therefore, Jones cannot rely on Rule 60(b), and that branch of the Motion is meritless.

### B. The Section 2241 Motion

Within the Sixth Circuit, a prisoner may challenge the lawfulness of his sentence under 28 U.S.C. § 2241 when three criteria are met: (1) the prisoner was sentenced under the mandatory-guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) the prisoner is foreclosed from filing a successive habeas corpus petition under 28 U.S.C. § 2255; and (3) there is a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals a previous conviction is not a predicate offense for a career-offender enhancement. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Here, however, Jones is not entitled to seek relief under Section 2241 because he waived his right to bring a collateral attack on his sentence as a condition of his plea. ECF Doc. 9-10; *see also United States v. Bryant*, 663 F. App'x 420, 422 (6th Cir. 2016) (recognizing the enforceability of appeal and collateral attack waivers in plea agreements). Given that a Section 2241 motion falls squarely within collateral relief from a sentence, Jones's waiver applies and forecloses his right to file the Motion on these grounds.

Additionally, even if Jones's waiver was deemed infective, Jones does not meet the first or second of the *Hill* criteria and, thus, has no basis to attack his sentence under Section 2241. As an initial matter, Jones was not sentenced under the mandatory guideline regime, given that his sentenced was imposed in 2017—*i.e.*, twelve years after the *Booker* decision. Furthermore, Jones has not identified any retroactive Supreme Court ruling that entitles him to relief. Rather, Jones points only to a Sixth Circuit decision—*United States v. Havis*, 927 F.3d 382 (6th Cir. 2019)—which is not retroactive. *See Alexander v. United States*, No. 19-4005, 2020 WL 6111201, *2 (6th Cir. June 30, 2020) ("[O]ur decision in *Havis* is not a new rule of constitutional law that the Supreme Court has made retroactive."). Accordingly, Jones does not meet the necessary prerequisites to see relief under Section 2241.

Likewise, even if Jones did not waive his right to file a collateral attack *and* could meet the criteria set forth by the Sixth Circuit, the Motion would *still* be denied because it has no basis in fact. Namely, Jones challenges his designation as a career offender by arguing that his 2004 conviction was for attempted drug trafficking, which cannot serve as a predicate felony following *Harvis*. However, a review of Jones's prior convictions confirms that both his 2004 and 2008 convictions were for completed trafficking of crack-cocaine, and these convictions were properly relied on to designate Jones as a career offender. ECF Doc. 34 at 14-16. Rather, it was Jones's

2009 conviction that was for attempted drug trafficking, but that conviction was not used to designate him as a career offender. *Id.* Indeed, both Jones's criminal history and the career-offender predicate convictions were detailed in the Government's presentence report, and Jones admitted during sentencing that he reviewed the presentence report and had no objections to it. ECF Doc. 49 at 2-3. As such, Jones has not identified any actual error in his sentence because Section 4B1.1 requires only two prior felony convictions for violent or controlled substances crimes, and Jones's 2004 and 2008 convictions satisfied this requirement.

Therefore, overall, Jones is foreclosed from seeking relief under Section 2241. Not only has Jones waived his right to file the Motion on these grounds, but he also cannot meet the requirements for asserting relief under this statute or identify a cognizable error in his sentence.

### III. Conclusion

For the above reasons, Defendant James Jones's Motion for Rule 60(b) Relief from Judgement (ECF Doc. 99) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster October 6, 2021*
**Dan Aaron Polster**
**United States District Judge**