IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  | |
| ) | CASE NO. 1:16-cr-00344 |
| Plaintiff,  ) | |
| ) | |
| v.  ) | JUDGE DAN AARON POLSTER |
| ) | |
| JAMES JONES,  ) | |
| ) | **OPINION AND ORDER** |
| Defendant.  ) | |

Before the Court is Defendant James Jones's second Motion for Compassionate Release (the "Motion"). ECF Doc. 101. For the following reasons, the Motion is **DENIED**.

**I.    BACKGROUND**

On November 13, 2020, this Court denied Jones's first Motion for Compassionate Release related to COVID-19 circumstances. ECF Doc. 76. The Court determined Jones failed to identify extraordinary and compelling reasons for his early release, given that his correctional institution was not experiencing a severe COVID-19 outbreak. *Id.* at 3.

Jones then appealed the denial of his first Motion for Compassionate Release to the United States Court of Appeals for the Sixth Circuit. ECF Docs. 77, 97. As of the date of this Order, Jones's appeal has been fully briefed, but an appellate decision has yet to be issued. *See* Sixth Circuit Court of Appeals Docket, United States v. Jones, 20-4283, Docs. 8, 23, 25.

On October 8, 2021, Jones filed the instant Motion, which again seeks compassionate release due to COVID-19 circumstances pursuant to 18 U.S.C. § 3582(c)(1). ECF Doc. 101 at 1-2. In the Motion, Jones summarily asserts that he is in danger of contracting COVID-19 from the staff at FCI Cumberland, although Jones also acknowledges that he has been fully vaccinated from

COVID-19 and recently recovered from a breakthrough case of the virus. *Id.* Jones further argues that his sentence is unlawful because the Court improperly designated Jones as a career offender by relying on his 2004 conviction for trafficking crack-cocaine, which Jones describes an attempt crime. *Id.* 3-11 (citing *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019)).

## II. DISCUSSION

When a party files a notice of appeal, jurisdiction over the matter is transferred to the Court of Appeals. *See Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Jurisdiction is not returned to the district court until such time that the Court of Appeals issues a mandate restoring jurisdiction for further proceedings, if necessary. *See* Sixth Circuit Internal Operating Procedure 41(a)(1) ("A mandate is the document by which this court relinquishes jurisdiction and authorizes the originating court or agency to enforce this court's judgment.").

Thus, when an appeal is pending, the district court is divested of power to issue any ruling that would "alter the status of the case as it rests before the Court of Appeals." *United States v. Gallion*, 534 F. App'x 303, 310 (6th Cir. 2013). For compassionate release motions in particular, the district court has no jurisdiction to grant compassionate release when an appeal concerning a defendant's sentence is pending before the Court of Appeals. *See United States v. Alqsous*, 1:16-cr-329-2, 2020 WL 3402861, *2 (N.D. Ohio June 19, 2020) (explaining that a compassionate release motion that was "inextricably intertwined" with the defendant's appeal of his sentence).

Rather, when confronted with a motion while an appeal is pending, the district court's power is limited by Rule 37 of the Federal Rules of Criminal Procedure, which allows the district court to: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would

grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Crim. P. 37(a); *see also United States v. Delong*, 4:11-cr-0047, 2021 WL 1517891, *1 (N.D. Ohio Apr. 16, 2021) (relying on Rule 37(a) to deny a motion for reconsideration of a compassionate release motion when the defendant's appeal from the denial of that compassionate release motion was still pending).

Applying the foregoing here, the Court concludes that it lacks jurisdiction to grant the instant Motion. Jones's appeal from this Court's denial of his first Motion for Compassionate Release is still pending before the Sixth Circuit, and the instant Motion is so intertwined with the first Motion for Compassionate Release that any ruling in Jones's favor on the instant Motion would alter the state of the case that is presently before the appellate court.

Moreover, pursuant to Rule 37, the Court exercises its power to deny the instant Motion. Jones has not articulated any new factors that support his request for compassionate release and, instead, Jones has recited the same arguments about his health and the legality of his sentence that he has previously articulated in his first Compassionate Release Motion, in his Section 2255 petition, and in his Motion for Rule 60(B) Relief from Judgment. ECF Doc. 71 at 20-21; ECF Doc. 55 at 3-7; ECF Doc. 99 at 1-14. The Court has already rejected Jones's arguments on three occasions (ECF Docs. 59, 76, 100), and the Court discerns no basis to change its prior rulings.

### III.  CONCLUSION

For the above reasons, Defendant Jones' second Motion for Compassionate Release (ECF Doc. 101) is hereby **DENIED**.

**IT IS SO ORDERED.**

> */s/ Dan Aaron Polster October 12, 2021*
> **Dan Aaron Polster**
> **United States District Judge**